# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**CHARLES W. GROSS, M.D.**                                                               **PLAINTIFFS**

**V.**                             **NO. 1:13-CV-00166-DMB-SAA**

**BILLY B. GANN; and BEAR CREEK**
**APARTMENTS, LTD.**                                                           **DEFENDANTS**

## OPINION AND ORDER GRANTING MOTION TO DISMISS

This action arises from a dispute between Plaintiff Charles Gross and Defendant Billy Gann over control of the partnership that is Defendant Bear Creek Apartments, LTD. Before the Court is Defendants' motion to dismiss for failure to state a claim, Doc. #8; and Defendant Gann's motion to dismiss for lack of jurisdiction, Doc. #32. For the reasons below, this action is dismissed for lack of subject-matter jurisdiction.

## I
## Applicable Standards

Defendant Gann seeks to dismiss the complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1); Defendants seek dismissal for failure to state a claim pursuant to Rule 12(b)(6).

### A. 12(b)(1) Motion Standard

"Motions filed under Rule 12(b)(1) … allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (internal citations omitted). Because the burden of proof rests on the party asserting

jurisdiction, when considering a motion to dismiss for lack of subject-matter jurisdiction, "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id*. "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Id*.

### B. 12(b)(6) Standard

"A pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a complaint falls short of this directive, a defendant may move to dismiss the claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering the interplay between Rule 8 and Rule 12, the United States Supreme Court has explained that:

> To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and punctuation omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–58 (2007)). Under the Rule 12(b)(6) standard, a "court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n.44 (5th Cir. 2011) (internal quotation marks and punctuation omitted).

## II
## Relevant Allegations

On August 1, 1983, Plaintiff and Defendant Gann executed an Amended and Restated Agreement and Certificate of Limited Partnership ("Partnership Agreement") concerning control

of Defendant Bear Creek. Doc. #1 at ¶ 5. Under the terms of the Partnership Agreement, Plaintiff was named as Limiting Partner, and Defendant Gann was named as General Partner. *Id*. Plaintiff alleges that Defendant Gann failed to comply with certain provisions of the Partnership Agreement.

Section 9(a) of the Partnership Agreement provides that "[f]or each fiscal year or portion thereof, all profits, losses and tax credits incurred or accrued, other than those arising from a Capital Transaction, shall be shared 1% to the General Partner and 99% to the Limited Partner." Doc. #1 at ¶ 9. Section 9(b), in turn, sets forth a specific procedure for distributing profits and losses arising from a "Capital Transaction." *Id*. at ¶ 11. Plaintiff alleges that Defendant Gann failed to comply with his duties to distribute losses and profits. *Id*. at ¶¶ 10, 12.

Section 10(a) of the Partnership Agreement provides that "[s]ubject to any applicable FmHA regulations, Cash Flow for each fiscal year (or fractional portion thereof) shall be distributed to repay any outstanding Operating Deficit Notes. Any remaining Cash Flow for any such year shall, within 120 days after the end of each fiscal year, be distributed 10% to the General Partner and 90% to the Limited Partner." Doc. #1 at ¶ 13. Plaintiff alleges that Defendant Gann failed to distribute remaining Cash Flow as required by Section 10(a). *Id*. at ¶ 14.

Section 12(a) of the Partnership Agreement requires that "[t]he General Partner shall keep, or cause to be kept, complete and accurate books with respect to the partnership. Each month the General Partner shall send a copy of the managing report … to the Limited Partner regarding the financial condition and the affairs of the [Partnership's project]." Doc. #1-1 at § 12(a). Section 12(b) requires that the General Partner prepare "an annual report … which reflects the Partnership's financial position for such fiscal year." *Id*. at § 12(b). Section 18

directs the General Partner to "perform the day-to-day management of the Project." *Id*. at § 18(a). Plaintiff alleges that Defendant Gann failed to comply with Sections 12 and 18 of the Partnership Agreement. Doc. #1 at ¶¶ 18, 20.

On June 28, 2013, Plaintiff and Defendant Gann held a partnership meeting. Doc. #1 at ¶¶ 21–22. At the meeting, Plaintiff, acting as the sole Limited Partner, voted to remove Defendant Gann from the position of General Partner. *Id*. at ¶ 23. Since the vote, Defendant Gann has refused to step down as General Partner. *Id*. at ¶ 26.

On September 6, 2013, Plaintiff filed the instant action. Doc. #1. In his complaint, Plaintiff asserts causes of action for: (1) accounting; (2) conversion; (3) breach of fiduciary duties; (4) breach of contract; (5) constructive trust arising from Defendant Gann's alleged breach of fiduciary duty; (6) declaratory judgment and injunctive relief preventing Defendant Gann from acting as General Partner; (7) declaratory judgment and injunctive relief in aid of dissolution of the Partnership; and (8) dissolution of the Partnership. Doc. #1. Additionally, Plaintiff seeks punitive damages. Doc. #1 at ¶¶ 69–71.

## III
## Motions to Dismiss

28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different states." "For purposes of federal diversity jurisdiction, [a limited] partnership is considered a citizen of every state of which a general or a limited partner is a citizen." *Bankston v. Burch*, 27 F.3d 164, 166 (5th Cir. 1994).

On May 22, 2014, this Court, observing that this action involved a suit by a Limited Partner against his partnership, ordered Plaintiff to show cause why the case should not be dismissed for lack of subject-matter jurisdiction due to inadequate allegations of diversity. Doc.

4

#30. On June 2, 2014, Plaintiff responded to the order by arguing that he asserts only direct (rather than derivative) claims, and that direct claims brought against a partnership meet the diversity requirement. Doc. #31 at ¶ 13. On June 5, 2014, Defendant Gann filed a motion to dismiss for lack of subject-matter jurisdiction. Doc. #32. In his motion, Defendant Gann asserts that Plaintiff's claims are derivative and that, as such, dismissal for lack of subject-matter jurisdiction is required. *Id*. Plaintiff responded by re-asserting that his claims are not derivative. Doc. #34.

While a partnership is deemed to be a citizen of each state where a general or a limited partner is a citizen, "the citizenship of a limited partnership may be disregarded for diversity purposes in a direct individual action brought by a limited partner against a general partner." *Moore v. Simon Enters., Inc.*, 919 F.Supp. 1007, 1009 (N.D. Tex. 1995). However, if a plaintiff "brings derivative claims as well as direct claims, [the] action must be dismissed …." *Frye Family P'ship v. Rought Creek Investors GP, LLC*, No. 4:11-cv-193, 2011 WL 3299932, at *3 (E.D. Tex. Jul. 8, 2011) (citing *Bankston*, 27 F.3d at 166–67).

Accordingly, the Court must decide whether any of Plaintiff's claims are derivative, rather than direct. In this regard, the Fifth Circuit has held that "state law is … appropriate to determine whether an action against the general partners of a limited partnership is derivative or direct." *7547 Corp. v. Parker & Parsley Dev. Partners, L.P.*, 38 F.3d 211, 221 (5th Cir. 1994). Mississippi law, in turn, has adopted the common derivative/direct inquiry under which the "focus … is whether the corporation or the individual suffered injury." *Mathis v. ERA Franchise Sys., Inc.*, 25 So.3d 298, 303 (Miss. 2009). Under the injury test, "[d]irect claims include fraudulent inducement to become a partner, failure to share partnership profits, conversion of partner's interest by unauthorized disposition of all partnership assets, and dissolution and

winding up by court decree." *Muirfield (Delaware), L.P. v. Pitts, Inc.*, 17 F.Supp.2d 600, 608 (W.D. La. 1998) (citing IV Alan R. Bromberg and Larry E. Ribstein, Bromberg and Ribstein on Partnership § 15.04(g) (1998)). A partner may also raise a direct action for accounting, *Bankston*, 27 F.3d at 167, or to seek redress for a "wrong involving a contractual right of a shareholder, such as the right to vote, or to assert majority control, which exists independently of any right of the corporation." *Lenz v. Assoc. Inns and Restaurants Co. of Am.*, 833 F.Supp. 362, 380 (S.D.N.Y. 1993). In contrast, "[d]erivative claims include fraud on the partnership, breach of an agreement between the partnership and a third party, waste, and damage to or interference with partnership property." *Pitts*, 17 F.Supp.2d at 608.

While many of Plaintiff's claims may properly be characterized as direct actions, Count VI, the claim for injunctive/declaratory relief relative to Defendant's Gann's standing in the partnership, is clearly derivative. The claim alleges that Defendant Gann continues to wrongfully assert control over the Partnership following his lawful removal as General Partner. *See* Doc. #1 at ¶ 49 ("Defendant Billy B. Gann has refused to accept the vote and opposed his removal."). Based on this allegation, Plaintiff seeks: (1) "a judgment declaring Billy B. Gann removed as General Partner of Bear Creek Apartments, LTD;" and (2) "an injunction to enforce the vote of the Limited Partner removing Defendant Billy B. Gann as General Partner." Doc. # 1 at ¶¶ 50–51.

The allegations supporting Count VI are virtually identical to those in *Lee v. Ty Equity Group, Inc.*, No. 3:01-cv-0253, 2001 WL 1401395, at *1–2 (N.D. Tex. Nov. 8, 2001). In *Lee*, the plaintiff Benson Lee, acting as the sole limited partner for Munger Squate, Ltd, "notified the defendant TYE Group that he was terminating TYE Group as the General Partner of Munger Square" on February 1, 2001. *Id*. at *1. Following the removal, the plaintiff filed suit against

TYE Group "seeking a declaratory judgment concerning: (1) the legal relationship between Lee and TYE Group, (2) Lee's rights under the Munger Square Partnership agreement, and (3) TYE Group's authority to act on behalf of Munger Square after February 1, 2001." *Id.* Citing to *Bankston*, the *Lee* court held that "Lee's claims for declaratory judgment … are derivative claims." *Id.* at *2.

This Court finds *Lee* persuasive and holds that, as stated, Count VI seeks redress for an injury to the Partnership arising Defendant Gann's continued exercise of General Partner responsibilities over the Partnership, and is thus derivative. *See Urquhart v. Wertheimer*, 646 F.Supp.2d 210, 212 (D. Mass. 2009) (action to remove general partner is a derivative claim); *see also Pozez v. Clean Energy Capital, LLC*, No. 07-cv-00319, 2011 WL 1135896, at *20 (D. Ariz. Mar. 29, 2011) (same). Because Plaintiff has asserted a derivative claim, his action must be dismissed for lack of subject-matter jurisdiction.[1] Having found that this Court lacks subject-matter jurisdiction, the Court will deny as moot the motion to dismiss for failure to state a claim.

# IV
## Conclusion

Defendant Gann's motion to dismiss for lack of subject-matter jurisdiction [32] is **GRANTED**. Defendants' motion to dismiss for failure to state a claim [8] is **DENIED as moot**. This action is **DISMISSED** for lack of subject-matter jurisdiction.

SO ORDERED, this the 20th day of August, 2014.

**/s/ Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiff has expressed a desire to amend his complaint to cure any jurisdictional defects. Doc. #31 at ¶ 14. However, "while a plaintiff may amend a complaint to cure inadequate jurisdictional allegations, amendment may not create subject matter jurisdiction when none exists." *See In re Katrina Canal Breaches Litig.*, 342 Fed. App'x 928, 931 (5th Cir. 2009).